# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADNAN MOHAMMED SADDELDIN, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:10-cv-00062-AWI-SKO<br><br>**ORDER THAT DEFENDANT ORDMONDE SUPPLEMENT THE MOTION TO VACATE THE JUDGMENT** |

## I. INTRODUCTION

On September 16, 2010, a default judgment was entered against all Defendants in this action, including Defendant Allen Martin Ormonde. (Doc. 22.) On September 9, 2013, Defendant Ormonde filed a motion to vacate the judgment pursuant to Rule 60. (Doc. 23.) On October 7, 2013, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") filed an opposition, and Defendant Ormonde filed a reply on October 10, 2013. (Docs. 24, 25.)[1]

On October 16, 2013, U.S. District Judge Anthony W. Ishii referred this matter to the undersigned. (Doc. 26.) The Court has reviewed Defendant Ormonde's motion, Plaintiff's opposition, and Defendant Ormonde's reply brief. For the reasons that follow, Defendant Ormonde shall file additional information in support of his motion to vacate the judgment, and

---

[1] While not formally related to this matter, the Court notes that Defendant Ormonde is also seeking relief from a default judgment under similar circumstances in *Joe Hand Promotions, Inc. v. Saddeldin*, 1:09-cv-2197-AWI-GSA.

Plaintiff may file a response thereto. Once these additional statements are filed, the Court will inform the parties whether a hearing is required or whether the matter shall be submitted upon the papers.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2010, Plaintiff filed suit against Adnan Mohammed Saddeldin, Jay P. Ghazal, and Allen Martin Ormonde, individually and doing business as Samba's Brazilian Steak House, also known as Samba Brazilian BBQ, and against Samba Brazilian BBQ, Inc., an unknown business entity doing business as Samba's Brazilian Steak House, also known as Samba Brazilian BBQ (collectively "Defendants"). (Doc. 1.) Plaintiff alleged that Defendants were the owners and/or operators with dominion, control, oversight, and management of a commercial establishment doing business as Samba's Brazilian Steak House operating at 6731-37 N. Palm Avenue, Fresno, California. (Doc. 1, ¶¶ 6-10.) Plaintiff alleged that it had the exclusive nationwide commercial distribution rights to *Affliction: "Day of Reckoning": Featuring Fedor Emelianeko v. Andrei Arlovski* (the "Program"), which was telecast nationwide on Saturday, January 24, 2009. (Doc. 1, ¶ 12.) Plaintiff alleged that Defendants unlawfully and willfully intercepted the Program and exhibited it at their commercial establishment. (Doc. 1, ¶¶ 15-16.) Plaintiff asserted that the exhibition of the Program was in violation of 47 U.S.C. §§ 553 and 605, constituted conversion under California law, and violated the California Business and Professions Code.

Plaintiff filed executed summonses as to the individual defendants. (Docs. 6-8.) As it pertains to Defendant Ormonde, Plaintiff filed an executed summons and the declaration of a process server indicating that Defendant Ormond's "[r]esidence address was not known at the time of service." (Doc. 8, p. 2.) The declaration notes that service was attempted three times at the business address of 6731-37 North Palm Avenue, Fresno, California. (Doc. 8, p. 2.) Specifically, service was attempted at 7:00 p.m. on February 10, 2010; at 11:04 a.m. on February 11, 2010; and at 6:29 p.m. on February 13, 2010. On February 10, 2010, the process server recorded that Defendant Ormonde was "NOT IN (BUSINESS) PER MANAGER." On February 11, 2010, the process server's declaration reports again that Defendant Ormonde was "NOT IN (BUSINESS)."

2

1 On February 13, 2010, the declaration states that Defendant Ormonde was "NOT IN (BUSINESS) PER JAY P. GHAZAL, PERSON IN CHARGE."  Thus, on February 13, 2010, after a third unsuccessful attempt to serve Defendant Ormonde at the business address, substitute service was made on Jay P. Ghazal, the person apparently in charge, who was instructed to deliver the documents to Defendant Ormonde.

After failing to respond to the complaint, the default of each individual Defendant was entered, and a motion for default judgment was filed on June 20, 2010.  (Doc. 17.)  On August 2, 2010, the undersigned made findings and recommendations that the default judgment be entered, which was adopted by the district court on September 16, 2010, and judgment was entered in favor of Plaintiff and against each Defendant.  (Docs. 21, 22.)

On September 10, 2013, Defendant Ormonde filed a motion to vacate the judgment, asserting that the service of process on him was void and the judgment must be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4), or alternatively, pursuant to Rule 60(b)(6).[2]  Plaintiff filed an opposition brief, and Defendant Ormonde filed a reply.

### III.   DISCUSSION

Defendant Ormonde argues that he was an investor in Brazilian BBQ Inc., which conducted business as the Samba Brazilian Steak House.  However, Ormonde became unhappy with the management of the establishment and filed a complaint against Jay P. Ghazal and Brazilian BBQ Inc. in state court, which ultimately resulted in a settlement on April 27, 2006, through which Defendant Ormonde liquidated his entire interest in Brazilian BBQ Inc.

After the settlement, Defendant Ormonde maintains he had no contact or communication with anyone connected with Samba Brazilian Steak House.  Plaintiff's complaint was filed on January 12, 2010, alleging copyright infringement occurring on January 24, 2009.  Because Defendant Ormonde was not associated with the business on January 24, 2009, he was not an owner, operator, licensee, permittee or person in charge of the commercial establishment doing business as Samba Brazilian Steak House, as Plaintiff's complaint alleged.

---

[2] Defendant Ormonde's motion asserts that Rule 12(b)(2), 12(b)(5), Rule 55(c), Rule 60(b)(4), and Rule 60(b)(6) of the Federal Rules of Civil Procedure confer the Court with the power to grant his motion. (Doc. 23-3, 6:2-11.)

1   Defendant Ormonde asserts that the substitute service of Plaintiff's complaint upon him
2 was insufficient because Plaintiff failed to exercise reasonable diligence to personally serve him
3 prior to the substitute service. Ormonde contends that his residential address was a matter of
4 public record, despite the declaration reciting that the address of his residence was unknown.
5 Moreover, it was not reasonably diligent for Plaintiff to attempt to serve him at a business in
6 which Defendant Ormonde had no involvement for more than three years prior to the complaint.
7 As a result, Defendant Ormonde requests that the Court vacate the judgment against him under
8 Rule 60(b)(4) and (b)(6) of the Federal Rules of Civil Procedure.

9   In support of his motion to vacate the judgment, Defendant Ormonde filed a declaration
10 indicating that he has resided at his current residential address continuously since October 1995,
11 the deed to his property bears his full name, and the deed is recorded as a matter of public record.
12 (Doc. 23-2, Ormonde Decl., ¶¶ 2-5.)  A copy of the grant deed to his residential property is
13 attached as an exhibit in support of his motion. (Doc. 23-4.) Ormonde's declaration also states
14 that he reached a settlement in his suit against Jay P. Ghazal and Brazilian BBQ Inc. on April 27,
15 2006, by which he liquidated 100% of his interest in Brazilian BBQ Inc.  (Doc. 23-2, ¶ 9.)
16 Defendant Ormonde offers no evidence, however, to support his declaration regarding the
17 settlement of the lawsuit against Jay P. Ghazal and Brazilian BBQ, Inc.

18   To adequately consider Defendant Ormonde's motion to vacate the judgment pursuant to
19 Rule 60(b), Defendant shall supplement his motion and declaration with evidence showing that his
20 interest in Brazilian BBQ, Inc. was 100% liquidated on April 27, 2006, and that, therefore, this
21 was not his usual place of business.

## IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERD that:

1. **On or before January 8, 2014,** Defendant Ormonde shall supplement the motion to vacate the judgment against him with evidence establishing his interest in Brazilian BBQ, Inc. was 100% liquidated on April 27, 2006;

2. **On or before January 22, 2014,** Plaintiff may file a response to Defendant Ormonde's supplemental information; and

4

3. Once supplemental information has been filed, the Court will inform the parties whether a hearing is warranted or whether the matter will be deemed submitted for a decision without argument.

IT IS SO ORDERED.

Dated: **December 13, 2013**                     **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE